UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EDWARD G. ARBERRY, )
                   Petitioner, )
                                )  Civil No. 08cv0813(JMA)
          v.                    )
                                )  MOTION TO APPOINT COUNSEL
FRED FIGUEROA, Warden, et.al.,  )  NUNC PRO TUNC
                                )
                   Respondents. )  MAY 27 2008

FILED
2008 JUN -4 AM 8:27

    Petitioner, a state prisoner proceeding pro se, having been transferred from his California prison to the North Fork Correctional Facility in Sayre, OK, hereby makes application and/or respectfully moves this Honorable Court to appoint counsel in this §2254 habeas corpus case, and as just cause the petitioner states and alleges as follows:

    1.  Petitioner initiated this habeas case while incarcerated within the State of California; CSP Solano, a California state prison located in Solano County, CA. This habeas case initiated [pro per] in April 2008.

    2.  On or about Apr.18'08, petitioner was transferred from CSP Solano to the North Fork Correctional Facility ("NFCF") in Sayre, OK. The NFCF a Corrections Corporation of America ("CCA") privately owned and operated prison contracting with California to house California prisoners.

    3.  Petitioner was held in orientation lockdown at the NFCF for approximately two (2) weeks; during that period of time the petitioner did not have access to the law library.

    4.  The habeas corpus petition before this Court was prepared at CSP Solano by another inmate with legal knowledge not possessed by this petitioner.

    5.  The current California books available in the NFCF law library, i.e., Cal.Rptr. 2d(s) & 3d(s), are at this time very limited and until Colorado inmates are returned to Colorado by June 11, 2008, California inmates, including this petitioner will have limited access to the legal computers which contain some California state authorities vital to this petitioner's case.

6. Regardless, petitioner is not trained in the law and at this point the California inmates who are to be employed as clerks in the NFCF [upon Colorado inmates returning to Colorado] are themselves not sufficiently trained in the law, federal or California state law.[1]

7. The Court here advised that this petitioner did not volunteer to be transferred from his California prison to the NFCF. That being said, the Supreme Court's holdings in Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491 (1977) appear to be applicable in this instance(prison officials must "assist inmates in the preparation of filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") Emphasis supplied.[2]

8. Prisoners such as this petitioner who are transferred from one state to another have a right to legal materials from their home states. Cooper v. Sumner, 672 F.Supp. 1361, 1365, (D.Nev. 1987).[3]

9. Petitioner's right to meaningful access to the courts extends to the initiation of habeas corpus proceedings, cases involving constitutional violations and civil rights violations. Bounds v. Smith, supra.

---

[1] This motion for appointment of counsel is being prepared by a Colorado inmate who has litigated in the federal courts in Colorado, as well as the Colorado state courts, and has successfully litigated a civil rights suit (§1983) against the Office of the Attorney General of the State of Colorado. See Gagan v. Norton, C.A.10th (Colo.) 1994).

[2] This federal court is advised that this "friend of the court", in regards to this federal court pleading on behalf of petitioner Edward G. Arberry, has been held within the NFCF since Jan.17'07, and although the NFCF law library is now, and has been since the arrival of Colorado inmates, adequate as to Colorado laws and more than adequate as to federal laws. Yet, whereas there were numerous Colorado inmates capable of preparing their own state court and federal court pleadings [with the law clerks extremely knowledgeable in the laws, state and federal, and having expertise as to searching for the current laws on the available computers and law books,] California inmates being hired as clerks (law) in the NFCF library are not at all trained in the laws of California, state or federal.

[3] Additional California law books scheduled to arrive at the NFCF have not yet arrived at the facility; the law books here now are not adequate as to California law.

4. This "friend of the court" would advise this Court that being that this Court's "Order Requiring Response To Petition (28 U.S.C.§2254)" could require this petitioner to file responsive pleadings and a traverse, without meaningful assistance from a California inmate trained and/or capable of utilizing his knowledge of California law, as well as federal law, this petitioner would incur prejudice and fall under the rulings of the Supreme Court in Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed. 2d 606 (1996).[4/]

Wherefore, the Petitioner would respectfully moves this Court to appoint counsel in this habeas case to protect the constitutional rights of the Petitioner to meaningful access to the courts or, in the alternative, monitor the subsequent legal access to be provided to California inmates [including this Petitioner] to assure that each has access to a person trained in California and Federal Laws to assist Petitioner and other California inmates in the preparation and filing of their court pleadings.

Dated: May 21, 2008

Respectfully submitted:

_____
Edward G. Arberry, Petitioner

---

[4/] Petitioner could make out a claim of "actual injury" if indeed he cannot subsequently obtain assistance from a person trained in the laws of California as well as applicable to the §2254 habeas case, federal laws. See Oliver v. Fauver, 118 F.3d 175 (3d Cir. 1997).

3

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:    Norfolk Correctional Facility
Housing: AN-267T
1605 East Main
Sayre, OK. 73662

On the "date" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name:   Arberry vs. Figueroa, Warden      Case #: _____

Document(s) Served:  Writ of habeas corpus with exhibits. Proof of service.

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

CLERK OF THE COURT
U.S. DISTRICT COURT, ROOM 4290
880 FRONT STREET,
SAN DIEGO, CA. 92101-8900

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on May 21, 2008, in ~~XXXXXXXXXXXXXXXX~~ SAYRE, OK
"date"

Signature: *Edward Arberry*

Printed Name: Edward Arberry