EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
DANIEL ROGERS
Deputy Attorney General
KEVIN VIENNA, State Bar No. 186751
Supervising Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2198
 Fax: (619) 645-2191
 Email: Kevin.Vienna@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD G. ARBERRY,** | 08cv0813-W (JMA) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| **F. E. FIGUEROA, Warden,** | (No Hearing Requested) |
| Respondent. | The Honorable Jan M. Adler |

**INTRODUCTION**

Petitioner Arberry was convicted of selling cocaine base following a jury trial in 2001. The trial court exercised leniency and dismissed one of two convictions that qualified under the Three Strikes law and sentenced Arberry to a determinate term of twelve years imprisonment, comprising the upper term of five years for the crime, which was doubled pursuant to the Three Strikes law, plus two additional years because of Arberry's two prior prison commitments.

Arberry appealed, challenging a jury instruction, but his appeal was unsuccessful. His conviction became final in 2002.

Several years later, beginning in 2007, Arberry began a series of collateral challenges in the state courts, arguing that the imposition of the upper term was improper because it was not based on jury fact-finding and because his counsel had been ineffective in failing to oppose the upper-term sentence. These claims were denied in the state courts, and Arberry brought this action under 28 U.S.C. § 2254, seeking habeas corpus relief.

The Petition, however, is untimely, having been filed long after the expiration of the statute of limitations. Respondent therefore moves the Court to dismiss the Petition with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

The California Court of Appeal described the background to Arberry's conviction and subsequent appeal as follows:

> A jury convicted Edward Arberry of selling cocaine base and possessing cocaine base for sale (Health and Saf.Code, §§ 11352, subd. (a), 11351.5). Arberry waived his right to a jury and admitted two strike priors (Pen.Code, §§ 667, subds.(b)-(i), 668, 1170.12) and three prior prison terms (Pen.Code, §§ 667.5, subd. (b)). The court struck one strike prior and one prior prison term enhancement and sentenced Arberry to 12 years in prison: double the five-year upper term for selling cocaine base with a prior strike enhanced by two one-year terms for the prior prison terms. It stayed sentence on the possession of cocaine base for sale conviction (Pen.Code, § 654).
>
> Arberry contends the trial court erred in instructing the jury with CALJIC No. 17.41.1.
>
> FACTS
>
> During the year 2000, a confidential informant purchased drugs. On February 9, Arberry handed the informant cocaine base in exchange for $30. The sale was videotaped and Arberry was identified as the seller. The only witness the defense called was FBI Agent Houska, who testified that he obtained five photographs shown to him by defense counsel from a copy of the video of the transaction. In closing argument, defense counsel pointed out that the photographs do not show Arberry's face.

*People v. Arberry*, 2001 WL 1487894, *1 (Cal.App. 4 Dist. 2001). (Lodgment 1.)

That court denied the appeal and affirmed the judgment on November 26, 2001. (Lodgment 1.)

Arberry sought further review in the California Supreme Court, but his petition for review was summarily denied on February 13, 2002. (Lodgment 2.) Arberry did not seek certiorari in the United States Supreme Court. (Pet. at 3.)

///

1  Several years later, Arberry commenced in the state courts a series of collateral challenges to his sentence, arguing that the imposition of the upper term for his crime violated his right to a jury trial. The first petition, filed in the superior court, was signed on February 28, 2007. (Lodgment 3.) That court denied the petition with a brief opinion issued on April 24, 2007. (Lodgment 4.) The basis for the denial was that the claim was procedurally defaulted for failure to bring it in the direct appeal.

Arberry then raised his sentencing claim in the court of appeal, adding a claim of ineffective assistance of counsel. (Lodgment 5.) That court denied the claim in a brief order issued on August 30, 2007. (Lodgment 6.)

Arberry made his last state challenge in a petition for writ of habeas corpus filed in the California Supreme Court on September 18, 2007. (Lodgment 7.) That court denied the petition without comment or citation to authority in an order issued on March 19, 2008. (Lodgment 8.)

On April 29, 2008, Arberry signed the federal Petition now before this Court. The petition, in four grounds, raises three claims essentially similar to those raised in the California Supreme Court:

- Trial defense counsel provided ineffective assistance by failing to object to the imposition of the upper term, when there had been no jury fact-finding;
- Appellate defense counsel was ineffective in failing to raise the upper-term issue on appeal;
- The imposition of the upper term, without jury fact-finding constituted a denial of due process.

(Pet. at 6-9.)

This Court directed Respondent to file a response.

///
///
///

# ARGUMENT

## I.

### THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS PURSUANT TO 28 U.S.C. § 244 (D) AND THEREFORE SHOULD BE DISMISSED WITH PREJUDICE

Because the present Petition was filed after April 26, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Smith v. Robbins*, 528 U.S. 259, 268 n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). As amended by AEDPA, 28 U.S.C. § 2244(d) now provides for a limitations period of one year.[1]

For Arberry, who appealed from his judgment of conviction in the state courts but did not seek certiorari (Pet. at 2-3), finality of his conviction occurred at the end of the time during which he might have pursued the direct appeal process further. That is a period of ninety days following the denial of his petition for review by the California Supreme Court on February 13, 2002. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Thus, Arberry's conviction was final on May 14, 2002.

///

---

1. The statute provides as follows:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations ordinarily commences on the day following finality, and it normally would expire one year later, on May 14, 2003. Since Arberry did not constructively file[2] his federal Petition until, at the earliest, April 29, 2008, the Petition is untimely unless he is entitled to a later start date for the commencement of the limitations period or unless he is entitled to sufficient tolling. Neither circumstance applies.

**A.   Commencement Of The Limitations Period – No Later Start Date Applies**

Normally, the statute of limitations begins to run on the day following finality, Fed. R. Civ. P. 6(a), unless one of three exceptions apply. 28 U.S.C. § 2244(d)(1)(B)-(D). None of the exceptions applies to Arberry: there was no state impediment to his seeking further relief; his claims do not rely on any new constitutional right determined by the United States Supreme Court to be retroactive; and the factual predicate for his current claims was known by the time his conviction was final.[3]

Accordingly, the statute of limitations commenced on May 15, 2002, and expired one year later, on May 14, 2003, absent tolling.

**B.   Arberry Is Not Entitled To Statutory Tolling**

A petitioner is entitled to statutory tolling for the period of time during which a properly filed application for post conviction relief is pending in a state court. 28 U.S.C. § 2244(d)(2). A petitioner has the burden of demonstrating facts supporting tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended). Arberry is not entitled to any statutory tolling because his first state petition was filed after the expiration of the limitations period.

///

---

2.  Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), an incarcerated pro se prisoner's pleading is deemed filed at the moment of delivery to prison officials. This mailbox rule has been extended to both state and federal habeas corpus petitions for purposes of applying the AEDPA statute of limitations. *See Miles v. Prunty*, 187 F.3d 1104, 1106 n. 2 (9th Cir. 1999).

3.  The operative knowledge is of the important facts, not their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Arberry knew the facts of his sentence and of his counsel's representation before his conviction was final.

1  That is, Arberry filed his first state petition no earlier than February 28, 2007. (Lodgment 3 (date of signature).) That date is several years after the limitations period expired. Once the limitations period has expired, the filing of a state petition cannot revive it; tolling merely pauses the clock – it cannot start it anew. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Arberry's subsequent state petitions effected no tolling.

**C.  Arberry Is Not Entitled To Equitable Tolling**

Arberry has made no claim for equitable tolling, and no basis is apparent for such tolling.

Although the United States Supreme Court has never sanctioned equitable tolling in section 2254 cases, the Ninth Circuit has recognized that it may apply in rare cases. But before equitable tolling may be considered, a petitioner must establish two elements "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 408); *Gaston v. Palmer*, 417 F.3d at 1034.

It is clear from the procedural history that Arberry has not been diligent, because he never challenged his sentence until several years after the conviction became final. Arberry's lack of diligence precludes equitable tolling, and the Petition should be dismissed as untimely.

///

///

///

# CONCLUSION

For the foregoing reasons, Respondent respectfully requests that this Court deny the Petition with prejudice as untimely and deny any future request for a certificate of appealability.

Dated: July 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DANIEL ROGERS
Deputy Attorney General


  s/Kevin Vienna
KEVIN VIENNA
Supervising Deputy Attorney General
Attorneys for Respondent

80262899.wpd
SD2008700387